UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY NAGLE <br><br> Plaintiff <br><br> vs. <br><br> TRINITY HOPE ASSOCIATES, LLC. <br><br> Defendant | ) Case Number <br> ) <br> ) CIVIL COMPLAINT <br> ) <br> ) JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Nancy Nagle, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Nancy Nagle, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Nancy Nagle is an adult natural person residing at 16 N. Hood Avenue, Audubon, NJ 08106.

5. Defendant, Trinity Hope Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at1044-B West Avenue, Lenoir, NC 28633.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about May 14, 2008 Plaintiff had surgery at Virtua Hospital.

8. Subsequently, Plaintiff received what she thought to be a short-term disability check in the amount of $318.00 and deposited the monies into her bank account.

9. Plaintiff later discovered that the check should have been forwarded to her insurance company.

10. Plaintiff forwarded a check of her own for the amount of $318.00 to her insurance company assuming that the issues would be resolved.

11. Plaintiff did not authorize for Virtua Hospital to use an out of network anesthesiologist.

12. Plaintiff's physician confirmed the mistake made by place of surgery yet, Defendant will not stop harassing her.

13. On January 21, 2009 Defendant took $200.00 from Plaintiff's bank account without authorization. **Exhibit "A" attached hereto.**

14. On January 30, 2009 Defendant took $113.37 from Plaintiff bank account without authorization. **Exhibit "B" attached hereto.**

15. On September 30, 2009 Defendant again took $500.00 from Plaintiff's bank account without authorization. **Exhibit "C" attached hereto.**

16. The bank where Plaintiff is employed and her account is held gave monies back to Plaintiff and are presently investigating the fraud.

17. Plaintiff closed out bank account due to unauthorized transactions being done by Defendant.

18. In or around October, 2009 Plaintiff began receiving calls from Defendant's agent, "Kathy", stating she owed $1,300.00 to Marlton Anesthesia and Pain for the May procedure.

19. On October 19, 2009 Plaintiff began receiving numerous calls at her place of employment from the Defendant. Plaintiff is concerned about the impact that this will have on her ability to keep her job.

20. Plaintiffs employer spoke with Defendant letting them know that they were contacting Plaintiff's place of employment.

21. Defendant told Plaintiff that they would be sending a sheriff to her place of employment to arrest her.

22. Plaintiff was told by Defendant that they would take legal action against her due to lack of payment.

23. Defendant threatened to take Plaintiff's earned wages until the debt was paid off.

24. Additionally, Defendant threatened to clear out all available funds in Plaintiff's bank account.

25. Defendant offered Plaintiff the option to pay the amount of $500.00 immediately and $500.00 at the end of October, 2009 to clear up amount owed due to surgical procedure.

26. Plaintiff did not agree to the aforementioned agreement.

27. On or about October 20, 2009 Plaintiff received two letters from two separate agents of Defendant.

28. **Exhibit "D" attached hereto** indicates Plaintiff's was seriously delinquent and advised that all further contact should be used with an attorney.

29. **Exhibit "E" attached hereto,** stated that unless she paid the amount of $500.00 plus $35.00 for a handling fee within 3 days after receipt of letters she would have to pay additional monies for costs of collecting the amount of the check and attorney's fees.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT 1 – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(3): | | At place of employment when knows that employer prohibits such communications |
| §§ 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |

| | | |
|---|---|---|
| §§ 1692e(4) | | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| §§ 1692e(5) | | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Trinity Hope Associates, LLC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  November 2, 2009

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire


BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff

Exhibit "A"

**NANCY A NAGLE**
16 NORTH HOOD AVENUE
AUDUBON, NJ 08106
856/323-8171

**Pay to the order of:**
Trinity Hope & Associates

***TWO HUNDRED DOLLARS and 00 CENTS***

WACHOVIA BANK N.A.

401 LINDEN STREET
WINSTON-SALEM, NC 27150

Check #: 592
Date: 1/21/2009
Ref#: 190075-278419

Amount: $200.00

NANCY A NAGLE

By: Trinity Hope & Associates
as authorized signatory for:

NANCY A NAGLE

⑆031000503⑆  10141972541941⑈  592

⑉00000 20000⑉

⑆031000503⑆   ⑉00000 20000⑉



Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1

Exhibit "B"

856 488 3
215-745-7880

NANCY A NAGLE
16 NORTH HOOD AVE
AUDUBON NJ 08106
856/323-8171

**Pay to the order of:**
Trinity Hope & Associates

***ONE HUNDRED THIRTEEN DOLLARS and 37 CENTS***

WACHOVIA BANK N.A.
401 LINDEN STREET
WINSTON-SALEM, NC 27150

Check #: 999
Date: 1/30/2009
Ref#: 190075-278419

Amount: $113.37

NANCY A NAGLE

By: Trinity Hope & Associates
as authorized signatory for:

NANCY A NAGLE

⑆031000503⑆ 1014197254194⑈ 999

⑈00000 11337⑈



Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1

Exhibit "C"

NANCY A NAGLE
16 NORTH HOOD AVE
AUDUBON NJ 03106
856.546-4901

Pay to the order of:
Trinity Hope & Associates

***FIVE HUNDRED DOLLARS and 00 CENTS***

WACHOVIA BANK N.A.
401 LINDEN STREET
WINSTON-SALEM, NC 27150

Check #: 999
Date: 9.30.2009
Ref#: 190075-272419
Amount: $500.00

NANCY A NAGLE

By: Trinity Hope & Associates
as authorized signatory for:

NANCY A NAGLE

⑆031000503⑆ 1014197254194⑈ 999

⑈000005000⑈

| Account | Date | Amount | Serial Number | Sequence | Status |
|---|---|---|---|---|---|
| 000001014197254194 | 10/1/2009 | $500.00 | 000000000000999 | 00000000006756488460 | Posted Items |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1

Exhibit "D"

Date: 10/20/2009
Creditor: MARLTON ANESTHESIA & PAIN
Balance: 1376.63
Account: 278419-190075

Phone #: (828)394-4142


NANCY A NAGLE
318 White Horse Pike
AUDUBON, NJ  08106

REMIT TO:
TRINITY HOPE ASSOCIATES
PO BOX 607
HUDSON, NC 28638


The above noted account is seriously past due. We have no other alterrnative but to advise our client to refer your account to their attorney for collection. You have (10) days from the date of this letter to pay your debt in full. Please call our office immediately to make a check by phone or send your check or money order to the address listed above. All future contact could be used with an attorney.

We thank you in advance for your payment. This letter is from a collection agency and this is an attempt to collect a debt. Any information obtained will be used for that purpose.

| ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| 278419 | MARLTON ANESTHESIA & PAIN | 1376.63 | 0.00 | 0.00 | 1376.63 |

Sincerely,
Marcelle Hicks
Collections Department

N.C. Dept. of Ins. Permit # 4202

Exhibit "E"

10/20/2009

NANCY A NAGLE
c/o Wachovia Bank
318 White Horse Pike
AUDUBON, NJ  08106

### Notice of Dishoner of Check

A check drawn by you and made payable to: MARLTON ANESTHESIA & PAIN in the amount of $500.00 has not been accepted for payment by which is the drawee bank designated on your check.

YOU ARE CAUTIONED that unless you pay the amount of this check together with with a reasonable handling fee of 35.00 within 3 days after the date this letter is postmarked you may very well have to pay the following additional amounts:

(1) Costs of collecting the amount of the check, including an attorney's fee which will be set by the court;

YOU ARE ADVISED to remit payment to:

TRINITY HOPE ASSOC
P.O. Box 607
Hudson NC, 28638

This notice is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

828-394-4142
Sincerely,
K Caudill
Collections Department

N.C Dept. of Ins # 4202

*[signature: K Caudill]*